**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| RAMON HERNANDEZ JUAREZ,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,<br>Respondent. | ) | No. 2:26-cv-03452-SHL-atc |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On October 29, 2026, Petitioner Ramon Hernandez Juarez filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1.) He challenges the lawfulness of his continued immigration-related detention. (Id. at PageID 1.) He has been present in the United States since he entered in approximately 2002. (Id. at PageID 2.) He has a partner and four children in the United States, two of whom are United States citizens. (Id.) Mr. Hernandez Juarez attends church at Saint Ann Catholic Church in Bartlett, and is employed in roofing. (Id.) He suffers from diabetes and high blood pressure, and requires medication to manage these conditions. (Id.) He was apprehended by ICE on or about August 28, 2026, and is detained at the West Tennessee Detention Facility. (Id. at PageID 2, 6.) He seeks immediate release from custody. (Id. at PageID 6.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) The Clerk of Court shall email copies of **the Petition (ECF No. 1) and this Order (ECF No. 4)** to the United States Attorney for the Western District of Tennessee at the following email address: **jason.martin3@usdoj.gov**.

(2) Within **three business days** of the filing of this Order, Respondent shall respond to the Petition in writing. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner may file a reply after Respondent's responsive filing.

(4) Respondent **SHALL NOT** transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition. If Petitioner has already been transferred, Respondent **SHALL** immediately transfer him back to the Western District of Tennessee.

**IT IS SO ORDERED,** this 29th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE