**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| RAMON HERNANDEZ JUAREZ,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,<br><br>Respondent. | ) | No. 2:26-cv-03452-SHL-atc<br>No. 2:26-cv-03383-TLP-atc |

**ORDER GRANTING MOTION TO CONSOLIDATE AND TRANSFERRING CASE**

Before the Court is Respondent's Motion to Consolidate, filed November 3, 2026. (ECF No. 7.) Petitioner Ramon Hernandez Juarez filed a response in opposition on November 4, 2026. (ECF No. 8.) For the reasons stated below, the Motion is **GRANTED**.

On October 19, 2026, Petitioner filed a pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Pro Se Petition"), which was assigned to Judge Thomas L. Parker. See Ramon Hernandez Juarez v. Chritopher Bullock, No. 26-cv-03383-TLP-atc, ECF No. 2. Ten days later, on Petitioner's behalf, Petitioner's counsel, Attorney Chelsea Sparkman, filed a second Petition for Writ of Habeas Corpus, which was assigned to the undersigned. (See ECF No. 1.)

In both Petitions, Petitioner challenges the lawfulness of his continued immigration-related detention, incorporates similar allegations, and requests immediate release. (ECF No. 1 at PageID 5–6); 26-cv-03383, ECF No. 2 at PageID 8. Both Petitions identify Petitioner by the same name and same alien number. (ECF No. 1 at PageID 6); 26-cv-03383, ECF No. 2 at PageID 8.

Unbeknownst to the undersigned, Judge Parker had already entered an Order staying transfer and ordering Respondent's response, when she entered an Order Staying Transfer and Requiring Response. (ECF No. 4); 26-cv-03383-TLP-atc, ECF No. 5. Respondent responded to Judge Parker's Order, 26-03383-TLP-atc, ECF No. 6, and filed this Motion to Consolidate. (ECF No. 7.)

When "actions before the court involve a common question of law or fact, a court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). Consolidation promotes judicial efficiency and helps facilitate the administration of justice. See Advey v. Celotex Corp., 962 F.2d 1177, 1180 (6th Cir. 1992). A common question of law or fact must exist for consolidation to occur. Powell v. Oldham, No. 2:16-cv-2907-SHM-dkv, 2018 WL 1249909, at *3 (W.D. Tenn. Mar. 9, 2018). The moving party bears the burden of showing a common question of law or fact. Id. at *2 (citations omitted). The decision to consolidate rests in the sound discretion of the district court." Id. (citation omitted). "[W]hen actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should *generally* proceed to judgment." Id. (quoting Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp., 511 F.3d 535, 551 (6th Cir. 2007)) (internal quotation marks omitted) (emphasis in original).

Here, Respondent seeks consolidation under Fed. R. Civ. P. 42, asserting that Petitioner's two identical cases are pending before different judges. (ECF No. 7 at PageID 15–16.) Petitioner responds that the proceedings should not be consolidated because Respondent erroneously stated that Petitioner filed the Pro Se Petition on July 20, 2026, not October 19, when it was actually filed. (Id.) Petitioner further contends that Respondent has not identified a

litigation burden that requires consolidation rather than separate adjudication, asserting that "[c]ombining the actions on this record risks importing allegations, arguments, and procedural events from another proceeding into the counseled action without an adequately established factual basis." (ECF No. 8 at PageID 18–19.)

Although Petitioner is correct that Respondent typed the incorrect date of the Pro Se Petition filing, a probable typo does not establish grounds to deny the Motion when the Petitioner, Respondent, and questions of law and fact are the same in both proceedings. Because the cases are the same, there is no risk of "importing allegations, arguments, and procedural events" from an unrelated proceeding as Petitioner asserts. (ECF No. 8 at PageID 18–19.) Here, Petitioner simply filed the Pro Se Petition before Judge Parker prior to hiring counsel who then filed the second Petition pending before the undersigned. And because the matter before Judge Parker was filed first, the cases should be consolidated before him to facilitate the administration of justice, further judicial economy, and avoid duplicate effort and expense.

Given that the two proceedings include the same parties and common questions of fact and law, the Motion is **GRANTED**. In this district, when cases are consolidated, they are typically assigned the earlier filed case number, which, in this case, is No. 26-cv-03383-TLP-atc. Therefore, this matter is transferred to Judge Parker so that the two cases, No. 26-cv-03452-SHL-atc, and No. 26-cv-03383-TLP-atc, may be consolidated before him.

**IT IS SO ORDERED,** this 12th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE